Alexander S. Rusnak (CSB # 300054)
Jennifer L. Rusnak (CSB # 247054)
RUSNAK LAW OFFICE
1001 Molalla Avenue, Suite 221
Oregon City, OR 97045
(408) 780-9835 (Phone)
(408) 351-0114 (Fax)
arusnak@rusnaklawoffice.com
jrusnak@rusnaklawoffice.com

TOMAS E. MARGAIN, Bar No. 193555
HUY TRAN, Bar No. 288196
Justice at Work Law Group, LLP
1550 The Alameda, Suite 302
San Jose, CA 95126
Telephone: (408) 317-1100
Facsimile: (408) 351-0105
Tomas@JAWLawGroup.com
Huy@JAWLawGroup.com

Attorneys for MILAP SHARMA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAP SHARMA<br><br>          Plaintiff,<br><br>vs.<br><br>MANN LIQUORS, INC. dba M & M LIQUORS, BALWINDER SINGH MANN and AMARJIT KAUR MANN.<br>          Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND RESTITUTION.**<br><br>JURY DEMANDED<br>Federal Claims:<br>1.  Failure to Pay Overtime and For All Hours Worked (29 U.S.C. §§ 207, 216(B), and 255(A));<br>2.   Violation of the Trafficking Victims Protection Act) 18 U.S.C. § 1589 *et seq.*<br><br>California Supplemental State Claims:<br>1.  Failure to Pay Overtime Wages and For All Hours Worked (Cal. Labor Code §§ 510, 1194, 1194.1 1197, 1771, 1776); |

2.   Violations of Statutory Duty for breach of Labor code § 226.7 (No meal Period or Rest Break);
3.   Failure to Provide Accurate Wage Statements.
4.   Waiting Time Penalties (Cal. Labor Code § 203);
5.   Intentional and Negligent Infliction of Emotional Distress;
6.   Violation of California Trafficking Victims Protection Act, Cal. Civ. Code § 52.5;
7.   Unlawful Discrimination in Violation of Gov. Code § 12900 *et seq.*;
8.   Conversion; and
9.   Restitution for Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).

## I. INTRODUCTION

1. This is an action brought by Plaintiff MILAP SHARMA ("SHARMA") for violations of Federal and California's wage and hour laws, race and national origin discrimination, federal and California's civil anti-human trafficking laws, and unfair business practices.  Defendants, MANN LIQUORS, INC. dba M & M LIQUORS ("M & M"), BALWINDER SINGH MANN ("BALWINDER"), and AMARJIT KUHR MANN ("AMARJIT"): (1) failed to pay MILAP SHARMA'S earned wages; (2) failed to pay SHARMA the applicable minimum wage, including overtime compensation at the minimum wage rate for work performed; (3) failed to pay SHARMA the required overtime compensation; (4) employed SHARMA for more than five hours without providing uninterrupted meal periods of not less than 30 minutes and failed to compensate SHARMA for missed meal periods; (5) employed SHARMA for work periods  of four hours or major fraction thereof with rest periods of ten minutes net rest time and failed to compensate SHARMA rest period compensation for the missed rest periods; (6) failed to pay SHARMA his earned wages in a timely manner upon separation; (7) failed to provide accurate itemized wage statements; (8) converted SHARMA

earned tips to their own use and benefit, (9) violated California's Unfair Competition Law (the "UCL"), (10) discriminated against SHARMA based upon his ethnicity and national origin, (11) violated federal and California anti-human trafficking acts and (12) through their through their intentional and reckless disregard to SHARMA inflicted substantial emotional distress.

## II. SUBJECT MATTER JURISDICTION, VENUE, AND TOLLING AS TO CALIFORNIA CLAIMS

2. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.  Specifically, SHARMA worked for M & M, BALWINDER and AMARJIT in Santa Clara County.

3. Subject matter jurisdiction of this action of this Court is based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and Trafficking Victims Protection Act 18 U.S.C. §§ 1589 *et seq.* and the supplemental jurisdiction of this Court. M & M'S, BALWINDER'S and AMARJIT'S gross revenue meets the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

4. As to the pendant California claims, Plaintiff is seeking tolling.  Based on the Covid-19 Pandemic, the Governor of California issued Executive Order No.38-20 giving the Judicial Council of California authority to take necessary actions in response to the Covid-19 Pandemic including tolling or expanding statutes of limitations and repose.  As a result, on April 6, 2020 the Judicial Council adopted emergency rule 9 to at first toll the running of the statute of limitations to 90 days after the Governor lifted the Shelter in Place Order and then modified emergency order 9, on May 29, 2020 to extend the statute from April 6, 2020 until October 1, 2020 for causes of action that exceed 180 days.  As a result, the Statute of limitations as to California pendant claims, for purposes of this filing, is tolled from April 6, 2020 to October 1, 2020.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On January 12, 2021, SHARMA filed a charge with California's Department of Fair Employment and Housing ("DFEH") stating the basis for his claims of discrimination and hostile work environment based upon SHARMA'S race, ethnicity and national origin.

6. On January 12, 20201, SHARMA received his "right to sue" letter from the DFEH.  Attached, as Exhibit A, is a true and correct copy of the charges filed with the DFEH and the "right to sue" letter issued by the DFEH.


### IV. PARTIES

7. Plaintiff, MILAP SHARMA, ("SHARMA") is a natural person and at all time material to this action has resided in the County of Santa Clara.

8. Defendant MANN LIQUORS, INC. dba M & M LIQUORS ("M & M") is a California Corporation that does business under the name of M & M Liquors.  M & MM & M is in the business of owning and operation liquor stores and convenience stores.

9. Defendant BALWINDER SINGH MANN ("BALWINDER") is a natural person.  SHARMA is informed, believes, and alleges upon such information and belief that BALWINDER is an owner of, Chief Executive Officer, Director and managing agent of M & M.  At all times relevant to this action, BALWINDER individually and as a representative of M & M employed and managed SHARMA.  As an owner, officer or managing agent of M & M, BALWINDER is liable to SHARMA for unpaid wages, wage statement penalties, waiting time penalties and other Labor Code violations pursuant to Cal. Lab. Code § 558.1.

10. Defendant AMARJIT KAUR MANN ("AMARJIT") is a natural person.  SHARMA is informed, believes, and alleges upon such information and belief that AMARJIT is an owner of, Chief Executive Officer, Director and managing agent of M & M.  At all times relevant to this action, AMARJIT individually and as a representative of M & M employed and

managed SHARMA.  As an owner, officer or managing agent of M & M, AMARJIT is liable to SHARMA for unpaid wages, wage statement penalties, waiting time penalties and other Labor Code violations pursuant to Cal. Lab. Code § 558.1.

11. SHARMA alleges that corporate Defendant M & M is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by corporate defendant M & M and the risks of loss attendant thereto, its capitalization was illusory or trifling.

12. SHARMA alleges that corporate defendant M & M is, and at all times herein mentioned was, the alter ego of Defendants AMARJIT and BALWINDER and at all times herein mentioned has existed, a unity of ownership between Defendants AMARJIT, BALWINDER and M & M such that any separateness has ceased to exist in that Defendants AMARJIT and BALWINDER used assets of corporate defendant M & M for their personal uses, caused assets of corporate defendant M & M to be transferred to them without adequate consideration, and withdrew funds from corporate defendant M & M'S bank accounts for their personal use.

13. SHARMA alleges that corporate defendant M & M is, and at all times mentioned herein was, a mere shell, instrumentality and conduit through which Defendants AMARJIT and BALWINDER carried on their business in the name of corporate defendant M & M exactly as they conducted it previous to incorporating exercising complete control and dominance of such business to such an extent that any individuality or separateness of corporate defendant M & M and Defendants AMARJIT and BALWINDER does not now, and any time herein mentioned did not, exist.

14. SHARMA alleges that corporate defendant M & M is, and at all times herein mentioned was, controlled, dominated and operated by Defendants AMARJIT and BALWINDER as their individual business and alter ego, in that the activities and business of corporate defendant M & M were carried out without the holding of Directors or shareholders meetings, no records

5

or minutes of any corporate proceeding were maintained, and Defendant AMARJIT and BALWINDER entered into personal transactions with corporate defendant M & M without the approval of other directors or shareholders.

15. SHARMA alleges that adherence to the fiction of separate existence of corporate defendant M & M as an entity distinct from Defendants AMARJIT and BALWINDER would permit abuse of the corporate privilege and would produce an inequitable result against SHARMA if the below unfair and illegal acts were treated against corporate defendant M & M alone.

16. All references to "DEFENDANT," "DEFENDANTS," or any similar language, whether singular or plural, shall mean "Defendants, and each of them" when used throughout this complaint.

17. SHARMA is informed and believes and based upon such information and belief that Defendants AMARJIT and BALWINDER is now and was, at all times herein mentioned, the sole shareholders, directors, and officers of M & M.

## V. FACTUAL ALLEGATIONS

18. In 2018 SHARMA came to the United States on a multi-entry visa for a family wedding in southern California.

19. BALWINDER was an acquaintance with a family member of the wedding party that SHARMA attended in 2018.

20. SHARMA is informed and believes and alleges on such information and belief that DEFENDANTS acquired the M & M Liquor Store ("M & M") in Gilroy, California, in May or June of 2019. SHARMA is informed and believes and alleges on information and belief owned by BALWINDER, AMARJIT and MANN LIQUORS, INC.

21. SHARMA is informed and believes and alleges on such information and belief that BALWINDER and AMARJIT are married to each other.

22. In 2019, BALWINDER called SHARMA to come to San Francisco to "sight see" since SHARMA did not have much of an opportunity to do sight see and visit California on his 2018 trip.

23. On or about October 19, 2019, flew into San Francisco International Airport, after BALWINDER invited SHARMA to visit the Bay Area, where BALWINDER picked SHARMA up at the airport.

24. BALWINDER brought SHARMA to his and AMARJIT'S home in Gilroy, California, where they promptly took SHARMA'S passport for what they stated was "safe keeping".

25. SHARMA stayed his first night in the United States at BALWINDER'S and AMARJIT'S Gilroy home.

26. After SHARMA'S first night, BALWINDER and AMARJIT told SHARMA that due to some family issues, SHARMA could no longer stay at their home. BALWIDNER brought SHARMA to M & M.

27. At M & M, BALWINDER told SHARMA that he would sleep in a back storage room where, there was a thin, one-inch mattress on some crates for SHARMA to sleep on and a mop sink for SHARM to wash himself with.

28. BALWINDER informed SHARMA, that since SHARMA could not go anywhere, he should work at M &M.

29. BALWINDER showed SHARMA how to perform various duties at M & M.

30. BALWINDER AND AMARJIT would  and directed SHARMA to perform various tasks, like cleaning the store or restocking items.

31. SHARMA proceeded to work at M & M every day from October 20, 2019, to approximately July 1, 2020.

32. Defendants would keep the tips left by persons who shopped at M & M Liquors while SHARMA worked and for which SHARMA earned for work performed, for themselves knowing that SHARMA performed the work that earned the confiscated tips.

33. M & M, BALWINDER and AMARJIT employed SHARMA from approximately from October 20, 2019, to approximately July 1, 2020, as a full-time non-exempt employee.

34. SHARMA'S situation changed after California's Alcohol Beverage Control ("ABC") observed, upon a routine inspection, a sleeping mattress and some personal hygiene products in a back storage room, common signs of human trafficking.

35. SHARMA worked from approximately 8:00 a.m. until after M & M Liquors closed, around 11:30 p.m. on weekdays and 12:00 - 12:30 a.m. on weekends.

36. SHARMA performed services at Defendants M & M, BALWINDER and AMARJIT'S liquor store for their benefit.

37. Defendants M & M, BALWINDER and AMARJIT exercised control over the wages, hours and working conditions of SHARMA when she performed services at their liquor store.

38. Defendants M & M, BALWINDER and AMARJIT suffered or permitted SHARMA to work at Defendants M & M'S, BALWINDER'S and AMARJIT'S liquor store.

39. Defendants M & M, BALWINDER and AMARJIT engaged SHARMA to provide services at their liquor store.

40. SHARMA worked in excess of eight hours in a workday and forty hours in a workweek as a non-exempt employee of the Defendants M & M, BALWINDER and AMARJIT.

41. SHARMA was forced to live onsite and was not free to leave the liquor store during the night.

42. During the first month DEFENDANTS kept SHARMA on their premises, they would bring him some pre-cooked food to eat from their home. Afterwards, DEFENDANTS would occasionally bring some pre-cooked food for SHARMA to eat, forcing SHARMA to subside on what food was sold on M & M's premises.

43. SHARMA worked seven days each workweek for Defendants M & M, BALWINDER and AMARJIT.

44. Defendants M & M, BALWINDER and AMARJIT failed to properly contribute to SHARMA'S California State Unemployment account, as they should have as an employer, for the four years preceding the filing of this action.

45. Defendants M & M, BALWINDER and AMARJIT knowingly and intentionally failed to provide SHARMA with timely and accurate wage and hour statements in violation of Labor Code section 226 and Wage Order 7-2001, for the four years preceding proceeding the filing of this action.

46. Defendants M & M, BALWINDER and AMARJIT knowingly and intentionally failed to properly report accurate payroll taxes to federal and state taxing authorities.

47. Defendants M & M, BALWINDER and AMARJIT failed to properly contribute the employer's tax contribution for SHARMA during the four years preceding the commencement of this action.

48. Defendants M & M, BALWINDER and AMARJIT knowingly and intentionally failed to pay minimum wage for all hours worked in violation of Labor Code §§ 510, 1194 and 29 U.S.C. § 206(a)(1).

49. Defendants M & M, BALWINDER and AMARJIT knowingly and intentionally failed to pay all wages timely in violation of Labor Code §§ 200 – 204.

50. Defendants M & M, BALWINDER and AMARJIT engaged in various acts of unfair competition based on its wage and hour policies and as defined under Business & Professions Code §§ 17200, *et seq.*, for the four years preceding the filing of this matter against Defendants M & M, BALWINDER and AMARJIT.

51. Defendants M & M, BALWINDER and AMARJIT conduct is despicable, has subjected SHARMA to cruel and unjust hardship, and they acted with willful and conscious disregard to SHARMA'S rights.

52. Defendants BALWINDER and AMARJIT are the sole shareholders, directors and officers of corporate defendant MANN LIQUORS, INC., and as such knew of, approved or adopted BALWINDER'S and AMARJIT'S wrongful conduct.

## VI. CLAIMS

### COUNT I
**(Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 206(a)(1), 207, 216(b), and 255(a)**
**Failure to Properly Pay Overtime Wages and For All Hours Worked)**
**(Against All Defendants)**

53. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

54. At all relevant times herein, SHARMA'S employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*.

55. Defendants M & M, BALWINDER and AMARJIT operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

56. Defendants M & M, BALWINDER and AMARJIT failed to pay SHARMA the applicable minimum wage for all hours that SHARMA worked for DEFENDANTS.

57. Defendants M & M, BALWINDER and AMARJIT routinely required and/or suffered or permitted SHARMA to work more than 40 hours per week without paying all of his wages for such overtime work.

58. In failing to pay SHARMA all overtime wages at one-and-one-half times his regular rate of pay, Defendants M & M, BALWINDER and AMARJIT willfully violated the FLSA.

59. Defendants M & M, BALWINDER and AMARJIT intentionally and with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay SHARMA his proper wages.

60. As a direct and proximate result of Defendants M & M, BALWINDER and AMARJIT'S failure to pay the SHARMA'S proper wages under the FLSA, SHARMA incurred general damages in the form of lost wages.

**<u>COUNT II</u>**
**(Violation of the Trafficking Victims Protection Act)**
**18 U.S.C. §§ 1589 and 1595**
**(Against All Defendants)**

61. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

62. Defendants knowingly obtained SHARMA'S forced and coerced labor through a scheme, plan and pattern of enforced isolation, though legal coercion manifested by, inter alia, the confiscation of his passport and instructions not to talk to anyone about his working and living conditions.  Further, as the Covid-19 pandemic grew, DEFENDANTS utilized the environment forced SHARMA to not leave the premises and interact with other people, other

than DEFENDANTS' customers to "protect" DEFENDANTS from Covid-19, while not providing SHARMA any personal protection equipment like a face mask or hand sanitizer.

63. Defendants confined SHARMA to the M & M Liquor Store, did not allow him to leave and took advantage of his lack of English language skills, or awareness of life in the United States, unfamiliarity with Federal and California Labor Laws and Covid-19 to prevent him from making contact with anyone outside of Defendants' business.

64. Defendants knowingly obtained SHARMA'S labor through fraudulent promises that Defendants would take him sightseeing and engage in other tourist activities rather than keep him in a storage room and have him work Defendants' liquor store without pay, breaks or days off.

65. Defendants forced SHARMA to work exceedingly long hours each and everyday, far in excess of a normal full-time workload.

66. Defendants knowingly benefitted from, or operated in reckless disregard of, the fact that Plaintiff's labor was obtain through the fraudulent, forced and coercive means discussed above.

67. As a direct and proximate result of Defendants' actions, SHARMA suffered harm in that he was brough to this country under false pretenses and forced to work long hours without pay and endure inhumane living conditions.

68. SHARMA is therefore entitled to recover damages in an amount to be proven at trial, including attorney's fees, costs and other relief that the Court may deem proper.

**COUNT III**
**(Violation of the Trafficking Victims Protection Act: Unlawful Conduct with Respect to**
**Documents in Furtherance of Trafficking**
**18 U.S.C. §§ 1592 and 1595**
**(Against All Defendants)**

69. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

70. DEFENDANTS knowingly obtained SHARMA's forced and coerced labor through a scheme, plan and pattern of enforced isolation, though legal coercion manifested by, inter alia, the confiscation of his passport and instructions not to talk to anyone about his working and living conditions.  Further, as the Covid-19 pandemic grew, DEFENDANTS utilized the environment forced SHARMA to not leave the premises and interact with other people, other than DEFENDANTS' customers to "protect" DEFENDANTS from Covid-19, while not providing SHARMA any personal protection equipment like a face mask or hand sanitizer.

71. DEFENDANTS knowingly removed, confiscated, concealed, and possessed SHARMA'S passport when Defendant BALWINDER took SHARMA'S passport upon arrival to the United States. DEFENDANTS knowingly removed, confiscated, concealed, and possessed SHARMA'S passport and documents in in order to prevent or restrict SHARMA'S liberty to move or travel for the purposes of holding him in involuntary servitude and subjecting SHARMA to forced labor, in violation of 18 U.S.C. § 1592.

72. DEFENDANTS confined SHARMA to the M & M Liquor Store, did not allow him to leave and took advantage of his lack of English language skills, or awareness of life in the United States, unfamiliarity with Federal and California Labor Laws and Covid-19 to prevent him from making contact with anyone outside of DEFENDANTS' business.

73. DEFENDANTS knowingly obtained SHARMA'S labor through fraudulent promises that DEFENDANTS would take him sightseeing and engage in other tourist activities rather than

13

keep him in a storage room and have him work DEFENDANTS' liquor store without pay, breaks or days off.

74. DEFENDANTS forced SHARMA to work exceedingly long hours each and everyday, far in excess of a normal full-time workload.

75. DEFENDANTS knowingly benefitted from, or operated in reckless disregard of, the fact that Plaintiff's labor was obtain through the fraudulent, forced, and coercive means discussed above.

76. As a direct and proximate result of DEFENDANTS' actions, SHARMA suffered harm in that he was brough to this country under false pretenses and forced to work long hours without pay and endure inhumane living conditions.

77. SHARMA is therefore entitled to recover damages in an amount to be proven at trial, including attorney's fees, costs, and other relief that the Court may deem proper.

## COUNT III
**(Violation of the Trafficking Victims Protection Act: Benefitting Financially from Trafficking 18 U.S.C. §§ 1593 and 1595**
**(Against All Defendants)**

78. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

79. DEFENDANTS knowingly obtained SHARMA's forced and coerced labor through a scheme, plan and pattern of enforced isolation, though legal coercion manifested by, inter alia, the confiscation of his passport and instructions not to talk to anyone about his working and living conditions.  Further, as the Covid-19 pandemic grew, DEFENDANTS utilized the environment forced SHARMA to not leave the premises and interact with other people, other

14

than DEFENDANTS' customers to "protect" DEFENDANTS from Covid-19, while not providing SHARMA any personal protection equipment like a face mask or hand sanitizer.

80. DEFENDANTS confined SHARMA to the M & M Liquor Store, did not allow him to leave and took advantage of his lack of English language skills, or awareness of life in the United States, unfamiliarity with Federal and California Labor Laws and Covid-19 to prevent him from making contact with anyone outside of DEFENDANTS' business.

81. DEFENDANTS knowingly obtained SHARMA'S labor through fraudulent promises that DEFENDANTS would take him sightseeing and engage in other tourist activities rather than keep him in a storage room and have him work DEFENDANTS' liquor store without pay, breaks or days off.

82. DEFENDANTS forced SHARMA to work exceedingly long hours each and everyday, far in excess of a normal full-time workload.

83. DEFENDANTS knowingly benefitted from, or operated in reckless disregard of, the fact that Plaintiff's labor was obtain through the fraudulent, forced, and coercive means discussed above.

84. DEFENDANTS obtained this benefit through participation in a venture, the illegal recruiting and trafficking of SHARMA in the United States and seizure of his passport immediately upon arrival of DEFENDANTS' home. DEFENDANTS knew or acted with reckless disregard of the fact that the venture constituted such a violation, as demonstrated by their instructions to SHARMA to not to talk to anyone and isolating him in a storage room at their liquor store.

85. As a direct and proximate result of DEFENDANTS' actions, SHARMA suffered harm in that he was brough to this country under false pretenses and forced to work long hours without pay and endure inhumane living conditions.

86. SHARMA is therefore entitled to recover damages in an amount to be proven at trial, including attorney's fees, costs and other relief that the Court may deem proper.

87. DEFENDANTS confiscated SHARMA'S passport shortly upon arrival to the United States from India.

88. DEFENDANTS subsequently kept SHARMA in a storage room in the back of their liquor store, where worked everyday without pay while DEFENDANTS maintained possession and control over SHARMA'S passport.

89. SHARMA was not free to leave both DEFENDANTS' employment and premises while DEFENDANTS maintained possession and control over SHARMA'S passport.

90. By confiscating SHARM'S passport DEFENDANTS utilized means of

91. DEFENDANTS perpetrated and benefited from the forced labor performed by SHARMA at DEFENDANTS' liquor store.

92. As a direct and proximate result of DEFENDANTS' actions SHARMA suffered harm in that he was brought to this country under false pretenses, prohibited from leaving both the country and DEFENDANTS' premises, and forced to work at their liquor store long hours without pay.

93. SHARMA is entitled to recover damages in an amount to be proven at trial, including attorneys' fess and other relief that the Court may deem proper.

**SUPPLEMENTAL STATE CLAIMS**

**COUNT IV**
**(Failure to Pay State Minimum Wage and Overtime)**
**(Against Defendants)**

94. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

95. California's Labor Code and IWC Wage Orders provide that an employer must pay a minimum wage to an employee for all hours worked by an employee.

96. From January 1, 2016, through December 31, 2017, California's minimum wage was $10.00 per hour.

97. As of January 1, 2017, California's minimum wage is $10.50 per hour.

98. California's Labor Code and IWC Order 7-2001 provide that a day's work consists of eight hours.

99. California Labor Code and IWC Order 7-2001 provide that any work performed in excess of eight hours in a workday, forty hours in a workweek, and work performed in the first eight hours on a seventh consecutive workday in a workweek work shall be compensated at the rate of no less than one and one-half time the regular rate of pay.

100. Any work in excess of eight hours on a seventh consecutive workday in a workweek shall be compensated at the rate of no less than twice the regular rate of pay.

101. IWC Wage Order 7-2001(3)(A)(1)(c) states that the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

102. California Labor Code § 515(d)(2) provides that "[p]ayment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, non-overtime hours, notwithstanding any private agreement to the contrary."

103. Defendants M & M, BALWINDER and AMARJIT did not pay SHARMA the prevailing minimum wage for all hours SHARMA worked for them.

104. Defendants M & M, BALWINDER and AMARJIT did not pay SHARMA a rate of at least one and one-half his regular rate of pay for all work performed in excess of eight hours in a workday, forty hours in a workweek, or the first eight hours on the seventh consecutive day of work.

105. Defendants M & M, BALWINDER and AMARJIT did not pay SHARMA a rate of at least twice his regular rate of pay for all work performed in excess of twelve hours in a workday or eight hours on the seventh consecutive workday in a workweek.

106. Defendants M & M, BALWINDER and AMARJIT required SHARMA to work in excess of eight hours in workday and forty hours in a workweek.

107. Defendants M & M, BALWINDER and AMARJIT failed to pay SHARMA the wages she earned, as required under California's Labor Code and IWC Order 5-2001.

108. SHARMA has been deprived of his rightfully earned wages as a direct and proximate result of Defendants M & M, BALWINDER and AMARJIT'S failure to pay said compensation.


**COUNT V**
**(Failure to Pay Missed Meal Period Compensation)**
**(Against Defendants)**

109. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

110. At all times relevant herein, DEFENDANTS' employment of SHARMA was subject to the provisions of Cal. Labor Code § 226.7.

111. California Labor Code and IWC Order 7-2001 provide than an employee is entitled to an uninterrupted, off-the-clock meal period meal period that relieved SHARMA of all duties of not less than 30 minutes when an employee works more than five hours, and a second meal period when an employee works ten hours or more in a workday.  If an employee fails to provide such a meal period, California Labor Code and IWC Order 7-2001 provide than an employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the employer fails to provide a meal period.

112. Defendants M & M, BALWINDER and AMARJIT failed to provide SHARMA with all of his 30 minute, uninterrupted, duty free meal periods each workday.

113. Defendants M & M, BALWINDER and AMARJIT failed to pay SHARMA one hour of pay at his regular rate of compensation for each workday they failed to provide SHARMA with a 30 minute, uninterrupted, duty free meal period.

**COUNT VI**
**(Failure to Pay Missed Rest Period Compensation)**
**(Against Defendants)**

114. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

115. At all times relevant herein, Defendants M & M'S, BALWINDER'S and AMARJIT'S employment of SHARMA was subject to the provisions of Cal. Labor Code § 226.7.

116. California Labor Code and IWC Order 7-2001 provide than an employee is entitled to a ten-minute rest period four hours or major fraction thereof worked.  If an employee fails to provide such a rest period, California Labor Code and IWC Order 7-2001 provide than an

employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the employer fails to provide a rest period.

117. Defendants M & M, BALWINDER and AMARJIT failed to provide SHARMA with all of his paid 10-minute rest periods each workday.

118. Defendants M & M, BALWINDER and AMARJIT failed to pay SHARMA one hour of pay at his regular rate of compensation for each workday they failed to provide SHARMA with ten-minute rest period.

**COUNT VII**
**(Failure to Pay All Wages upon Termination [Cal. Lab. Code §201-203])**
**(Against All Defendants)**

119. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

120. Defendants M & M, BALWINDER and AMARJIT willfully failed to pay SHARMA all accrued wages due to his promptly upon separation as required under Cal. Lab. Code §201-202.

**COUNT VIII**
**(Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226(a)])**
**(Against All Defendants)**

121. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

122. Defendants M & M, BALWINDER and AMARJIT failed to provide an accurate itemized statement in writing at the time of each payment of wages showing:

    a.  Gross wages earned;
    b.  Total hours worked by employee;
    c.  All deductions;

d.  Net wages earned;
e.  Name of employee with either the last four digits of employee's social security number or an employee identification number;
f.  Name and address of legal entity that is the employer;
g.  All applicable hourly rates in effect during the pay period.

123. Defendants M & M, BALWINDER and AMARJIT knowingly and intentionally failed to provide accurate itemized wage statements pursuant to Cal. Lab. Code § 226(a).

**COUNT IX**
**(Conversion)**
**(Against Defendants)**

124. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

125. While SHARMA worked for DEFENDANTS, SHARMA was tipped by DEFENDANTS' customers, while SHARMA was the sole person working and for the work and customer service provide by DEFENDANTS' customers.

126. The tips earned by SHARMA are the property of SHARMA.

127. DEFENDANTS took SHARMA'S tips for their own use and gain while not paying SHARMA any wages for the work he performed.

128. SHARMA is informed and believes and alleges on such information and belief that Defendants M & M, BALWINDER and AMARJIT converted such wages as a part of an intentional and deliberate scheme to maximize their profits at SHARMA'S expense.

129. Defendants M & M, BALWINDER and AMARJIT'S intentional conversion of SHARMA'S tips is the direct and proximate cause of SHARMA'S damages.

**<u>COUNT X</u>**
**(Violation of California Trafficking Victims Protection Act, Cal. Civ. Code § 52.5)**
**(Against All Defendants)**

130. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

131. DEFENDANTS lured SHARMA to travel to the United States under ruse of inviting SHARMA to come visit and DEFENDANTS would take SHARMA out to sight see and explore San Francisco and California.

132. When DEFENDANTS made the above offer, DEFENDANTS' had no intention of taking SHARMA sightseeing or having SHARMA visit as a guest but used this ruse to entice SHARMA to come to the United States to have SHARMA work at the recently acquired liquor store for minimal or no pay.

133. Defendants M & M, BALWINDER and AMARJIT confiscation of SHARMA'S passport prevented SHARMA from leaving Defendants M & M'S, BALWINDER'S and AMARJIT'S employment.

134. SHARMA continued to reside at Defendants M & M, BALWINDER and AMARJIT'S facilities even when SHARMA when SHARMA wanted to leave Defendants M & M'S, BALWINDER'S and AMARJIT'S employment because Defendants M & M, BALWINDER and AMARJIT confiscated his passport.

135. SHARMA continued to work for Defendants M & M, BALWINDER and AMARJIT even when SHARMA wanted to leave Defendants M & M, BALWINDER and AMARJIT employment because Defendants M & M, BALWINDER and AMARJIT confiscated his passport.

136. As more fully stated above Defendants M & M, BALWINDER and AMARJIT failed to pay SHARMA for the work performed by SHARMA for them.

137. Defendants M & M, BALWINDER and AMARJIT did not intend to compensate SHARMA the minimum wages and overtime premiums SHARMA was entitled to receive as an employee of DEFENDANTS.

138. Because of Defendants M & M, BALWINDER and AMARJIT force, fraud, duress and coercion SHARMA continued to work for less than minimum wage and without overtime payment.  Further, SHARMA was forced to endure the harassing, hostile and discriminatory work environment created by the Defendants M & M, BALWINDER and AMARJIT.

139. Defendants M & M, BALWINDER and AMARJIT knew that their conduct was wrong and that confiscating SHARMA'S passport would prevent SHARMA leave Defendants M & M, BALWINDER and AMARJIT'S employment would cause SHARMA to continue to work for wages less than those required under California law.

140. Defendants M & M, BALWINDER and AMARJIT confiscation of SHARMA'S passport M & M, BALWINDER and AMARJIT'S employment is vile and contemptible conducts that is looked upon by reasonable people and DEFENDANTS knew their conduct subjected SHARMA to cruel and unjust hardship.

141. Defendants' confiscation of SHARMA'S passport and threats to contact immigration officials should SHARMA leave Defendants M & M'S, BALWINDER'S and AMARJIT'S employment caused SHARMA harm in the form of unpaid wages as well as physical and severe emotional harm from DEFENDANTS discrimination and enslavement.

142. Defendants M & M'S, BALWINDER'S and AMARJIT'S conduct was substantial and severe and were forceful, fear inspiring, deceitful, coercive, and menacing which deprived SHARMA of his personal liberty to force SHARMA to provide services for Defendants M & M, BALWINDER and AMARJIT. SHARMA is a victim of human trafficking as defined by Penal Code §236.1.

**COUNT XI**
**(Unlawful Discrimination in Violation of Gov. Code § 12900 *et seq.*))**
**(Against Defendants)**

143. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

144. Defendants M & M, BALWINDER and AMARJIT discriminated against SHARMA on the basis of his race and national origin in violation of California's Fair Employment and Housing Act, through numerous illegal acts as outlined above, including, without limitations, failing to pay SHARMA and minimum wage for all hours worked, failure to pay SHARMA overtime wages, and human trafficking, based upon SHARMA'S race and national origin.

**COUNT XIII**
**(Failure to Prevent Unlawful Discrimination in violation of Gov. Code § 12940(k)**
**(Against Defendants)**

145. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

146. California Government Code § 12940(k) makes it an unlawful employment practice to "fail to take all reasonable steps to prevent discrimination and harassment from occurring." Defendants M & M, BALWINDER and AMARJIT violated this provision by failing to prevent discrimination and harassment against SHARMA as alleged above.

147. As a proximate result of Defendants M & M'S, BALWINDER'S and AMARJIT'S conduct, SHARMA suffered damages in the form of lost wages and other pecuniary loss according to proof.  SHARMA also suffered severe emotional injuries from DEFENDANTS' trafficking and confinement of SHARMA based upon his race and national origin.

24

## COUNT XIV
### (Unfair Competition [B & P Code § 17200 *et seq*.])
### (Against All Defendants)

148. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

149. California's Business and Professions code §17200 *et al.* defines unfair competition as including any "unfair," "unlawful," or "fraudulent" business practice.

150. Defendants M & M'S, BALWINDER'S and AMARJIT'S practices are unlawful within the meaning of Bus. & Prof. Code §17200 because they are in violation of federal and California anti-trafficking laws, federal and California labor laws, and California's antidiscrimination laws.

151. Defendants M & M'S, BALWINDER'S and AMARJIT'S unlawful acts constitute a business practice because it was done repeatedly over a significant period in a systematic manner to the detriment of SHARMA.

152. The business acts and practices herein alleged constitute unfair business practices in violation of the Unfair Completion Law because such acts and practices offend public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

153. The unlawful, fair and fraudulent business practices of Defendants M & M, BALWINDER and AMARJIT described above present a continuing threat to members of the public in that employees of Defendants M & M, BALWINDER and AMARJIT continued to be paid less than they are statutorily entitled as a deliberate strategy to maximize their profits.  Further, such skirting of federal and California's labor laws presents a threat to the general public in that enforcement of the labor laws is essential to ensure that all California employers

compete equally, and no California employer receives an unfair competitive advantage at the expense of its employees.

154. SHARMA has suffered injury in fact and has lost money as a result of unfair and unlawful practices.

## COUNT XV
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (All Defendants)

155. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

156. SHARMA is informed and believes and alleges on such information and belief that in the summer of 2019, after DEFENDANTS acquired M & M Liquors, they sought out a person to perform work in their new liquor store under conditions impermissible under both federal and California labor laws.

157. DEFENDANTS targeted SHARMA and convinced him to come and "sight see" in the Bay Area, with the intention of confiscating his passport and forcing him to work in their liquor store without pay and to have him live in a back storage room of the liquor store, to live in squalid and inhumane conditions.

158. SHARMA'S physical and mental health deteriorated has worked and lived in such inhumane conditions.

159. SHARMA is informed and believes and alleges on such information and belief that DEFENDANTS knew or had reason to believe that their intentional and physical acts would cause SHARMA severe physical and emotional harm.

160. DEFENDANTS' intentional and reckless acts did cause SHARMA severe physical and emotional harm to SHARMA.

161. DEFENDANTS' conduct was outrageous and directed at SHARMA.

162. DEFENDANTS acted with the intent to cause or reckless disregard of the probability that SHARMA would suffer emotional distress.

163. SHARMA suffered severe emotional distress.

164. DEFENDANTS' conduct was a substantial factor in causing SHARMA'S severe emotional distress.

**COUNT XVI**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**
**(All Defendants)**

165. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein with the exception of those allegations that are inconsistent with this cause of action.

166. DEFENDANTS maintained a duty to avoid trafficking and discriminating against SHARMA pursuant to, Government Code §§ 1290 *et seq*.; 18 U.S.C. §§ 1589, 1590, 1592 and 1593A; 29 U.S.C. 215(a)(3) and Cal. Civil Code § 1708.5.

167. It was foreseeable that DEFENDANTS' trafficking, involuntary servitude of SHARMA, discrimination and failure to prevent discrimination against SHARMA as an employee would cause SHARMA severe emotion distress.

168. SHARMA suffered severe emotional distress.

169. DEFENDANTS' conduct was a substantial factor in causing SHARMA'S severe emotional distress.

1
2
3
4

## VII. PRAYER FOR RELIEF

170. SHARMA re-alleges and incorporates by reference each allegation contained in this complaint, as though fully set forth herein.

171. SHARMA herby prays that the Court enter judgement in his favor and against Defendants M & M, AMARJIT, and BALWINDER inclusive, and each of them as follows:

a.   SHARMA'S unpaid wages, including liquidated damages, under 29 U.S.C. §§ 207, 216(b) and 255(a)) and 216(b);

b.    SHARMA'S unpaid wages, including liquidated damages, under Cal. Lab. Code §§ 204, 204b, 226.2, 223, 510, 1194, 1194.2 and 1198.

c.   Waiting time penalties under Cal. Lab. Code § 203.

d.   Reasonable Attorneys Fees and Costs under 29 U.S.C. § 216(b), Cal. Labor Code §§ 218.5, 226(e) and 1194; Civ. Code § 52.5(a), Gov. Code, § 12965(b)

e.   Missed Meal Period Compensation

f.   Missed Rest Break Compensation

g.   Cal. Lab. Code Section § 226(e) penalties for failure to provide accurate wage statements.

h.   Compensatory damages as determined by the trier of fact pursuant to Civ. Code § 52.5(a);

i.   Punitive damages pursuant to Civ. Code §§ 3294 and 52.5(a);

j.   The greater of treble damages or $10,000.00 pursuant to Civ. Code § 52.5(b);

k.   Restitution of unpaid wages, including missed meal period and rest break premiums;

l.   Compensatory damages as determined by the trier of fact;

m.  Prejudgment interest at the legal rate;

n.   Such other relief that the Court finds just and proper.

Dated:   1/20/2021

_____

RUSNAK LAW OFFICE

Alexander S. Rusnak
Jennifer L. Rusnak

JUSTICE AT WORK LAW GROUP, LLP
TOMAS E. MARGAIN
HUY TRAN

Attorneys for MILAP SHARMA

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 12, 2021

Milap Sharma
,

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202101-12314812
        Right to Sue: Sharma / Mann Liquors, Inc. et al.

Dear Milap Sharma:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 12, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                           GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Milap Sharma                                                    DFEH No. 202101-12314812

                              Complainant,

vs.

Mann Liquors, Inc.
2411 Rolling Green Dr.
Santa Maria, California 93455

Balwinder Mann
, California

Amarjit Mann
, California

                              Respondents

_____

1. Respondent **Mann Liquors, Inc.**  is an **employer Mann Liquors, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Balwinder Mann** as individual Co-Respondent(s).

Complainant is naming **Amarjit Mann** as individual Co-Respondent(s).

3. Complainant **Milap Sharma**, resides in the City of **,** State of **.**

4. Complainant alleges that on or about **July 1, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions) and as a result of the discrimination was denied any employment benefit or privilege, other.

**Additional Complaint Details:** Mann Liquors, Inc. and its owners and officers, Balwinder Singh Mann and Amarjit Kaur Mann have the practice of targeting and employing workers who are from India to pay them below the applicable minimum wage to work in their liquor stores. The Balwinder and Amarjit targeted Milap Sharma, who lived in India but possess a multi-entry tourist visa, by promising him to sight see and visit the Bay Area, specifically San

-1-
*Complaint – DFEH No. 202101-12314812*

Date Filed: January 12, 2021

1   Francisco. Upon Mr. Sharma arriving at SFO, Balwinder brought Mr. Sharma to his home
2   and confiscated his passport. The next day, Balwinder brought Mr. Sharma to his recently
    acquired liquor store in Gilroy and had him live and work there seven days a week for
3   approximately 15 hours per day. A storage room in the back with furnished with a mop sink
    and a one-inch-thick mat on crates for Mr. Sharma to live in when he was not working for
4   Balwinder and Amarjit. Balwinder and Amarjit did not pay Mr. Sharma for the work he
    performed. Balwinder or Amarjit would occasionally bring Mr. Sharma food to eat but often
5   Mr. Sharma had to sustain himself on food that was kept as part of the liquor store's stock.
6   Mann Liquors, Inc. and its owners and officers Balwinder Singh Mann and Amarjit Kaur
    Mann maintain the practice of hiring workers who are from India to work for them at their
7   multiple liquor stores and markets, who are unfamiliar with federal and California labor laws
    to pay them below the applicable minimum wage or no wages at all. Not only did Mr. Mann
8   suffer severe emotion harm from being forced to live in inhumane conditions in a liquor store
    storage room but was forced to perform labor without pay as Balwinder and Amarjit
9   possessed his passport and demanded Mr. Sharma to not speak to anyone about his work
    or living conditions.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
*Complaint – DFEH No. 202101-12314812*
28
Date Filed: January 12, 2021

VERIFICATION

I, **Alexander Rusnak**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On January 12, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Oregon City, Oregon**

-3-
*Complaint – DFEH No. 202101-12314812*

Date Filed: January 12, 2021