United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MILAP SHARMA,<br><br>        Plaintiff,<br><br>    v.<br><br>BALWINDER SINGH MANN, AMARJIT KAUR MANN, and MANN LIQUORS dba M & M LIQUORS,<br><br>        Defendants. | Case No. 21-cv-00480-BLF<br><br>**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**<br><br>[Re: ECF 20] |

Plaintiff Milap Sharma ("Sharma") alleges that Defendants Balwinder Singh Mann ("Balwinder") and Amarjit Kaur Mann ("Amarjit") held him against his will and forced him to work in their liquor store, Defendant Mann Liquors, Inc. dba M & M Liquors ("M & M"). The operative first amended complaint ("FAC") asserts sixteen claims against Defendants, including violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, violation of California labor laws, intentional and negligent infliction of emotional distress, and related claims. *See* FAC, ECF 6.

Defendants move to stay this action pending the resolution of state criminal proceedings against Balwinder and Amarjit. *See* Mot., ECF 20. The criminal proceedings arise out of Sharma's alleged imprisonment at the liquor store, and the criminal complaint expressly charges Balwinder and Amarjit with trafficking Sharma. *See* Freeman Decl. ISO Mot., Ex. A, ECF 20-1. On August 20, 2021, this Court directed the parties to file supplemental briefing addressing the applicability of the TVPRA's mandatory stay provision, set forth in 18 U.S.C. § 1595(b), which had not been addressed by the parties in briefing the motion to stay. *See* Order, ECF 24. The parties filed supplemental briefs on September 3, 2021. *See* Suppl. Br., ECF 25, 26. The Court thereafter

vacated the hearing on the motion to stay. *See* Order Vacating Hearing, ECF 30.

Section 1595(a) of the TVPRA permits victims of human trafficking to bring civil actions against the perpetrators to recover damages and reasonable attorneys' fees. *See* 18 U.S.C. § 1595(a). However, the statute provides that "[a]ny civil action filed under subsection (a) *shall be stayed* during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1) (italics added). "[A] 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2).

The present case arises out of the same occurrence as the state criminal action in which Sharma is the alleged victim. This case therefore falls squarely within the scope of the mandatory stay provision set forth in § 1595(b)(1). Sharma does not argue to the contrary, conceding that his "claims brought pursuant to 18 U.S.C. 1589 *et seq.* arise from the same occurrence in the pending criminal action for which claimant is victim." Pl.'s Suppl. Br. at 2, ECF 26. Sharma nonetheless argues that § 1595(b)(1) should not be applied to stay the entirety of the present case. He asks the Court to permit discovery with respect to the corporate defendant, M & M; Defendants' financial condition; and Defendants' employees, vendors, delivery drivers, and accountants. In support of his request, Sharma points out that M & M is not the subject of the state criminal proceedings. He also asserts that the legislative intent behind § 1595(b) was to preserve the integrity of criminal prosecutions, not to benefit criminal defendants, citing *Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014).

Sharma's arguments are unpersuasive. The plain language of the statute requires a stay of "[a]ny civil *action*." 18 U.S.C. § 1595(b)(1) (emphasis added). The statute does not limit the stay to particular defendants or claims. At least one other district court has interpreted the statutory language to impose a mandatory stay which "encompass[es] all defendants in the case," including those who have not been criminally charged. *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 550 (S.D.N.Y. 2012). The *Lunkes* court reasoned that "[d]iscovery with respect to those civil defendants not facing criminal charges . . . will frequently overlap significantly with the discovery relating to criminally charged defendants. Thus, the risk of interference with criminal prosecution

is fully addressed only by extending the stay to all defendants." *Id*. The district court also reasoned that "Section 1595 requires the stay of "[a]ny civil action" to which it is applicable; it does not speak of staying particular claims." *Id*. The *Lunkes* court observed that "other courts that have stayed cases involving TVRPA claims have consistently taken the view that the stay applies to the whole case rather than to the plaintiff's TVPRA claims alone." *Id*. This Court agrees with the reasoning of *Lunkes*, and Sharma has not cited any cases to the contrary.

Sharma's reliance on *Schair* is misplaced. In that case, the district court found a stay of litigation to be "mandated" under § 1595(b)(1) in light of pending criminal proceedings. *Schair*, 744 F.3d at 1251. The district court lifted the stay after determining that the relevant criminal proceedings were no longer pending against the defendants in the civil action. *See id.* The defendants brought an interlocutory appeal, and the Eleventh Circuit considered the legislative purpose of § 1595(b)(1) in the context of deciding whether the order lifting the stay presented a sufficiently "important" issue to warrant review under the collateral order doctrine. *See id.* at 1254. Concluding that there was "no reason to believe that § 1595(b)'s stay provision was intended to protect an alleged sex-trafficking defendant's rights or interests in any way, much less in an *important* way," the Eleventh Circuit found that it lacked appellate jurisdiction over the interlocutory appeal. *Id*. at 1254-55. The Eleventh Circuit did not address, much less hold, that a district court may decline to apply § 1595(b)(1) based on the legislative intent behind the statute.

In this Court's view, the plain language of the TVPRA mandates a stay of the present civil action pending resolution of the criminal proceedings against Defendants Balwinder and Amarjit. "[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (quotation marks and citation omitted). Accordingly, the Court will grant Defendants' motion to stay pending resolution of the criminal proceedings.

In his supplemental briefing, Sharma requests that if the Court grants the stay motion, it also issue an order (1) requiring that Defendants provide a status update regarding the relevant criminal proceedings every two months; (2) requiring Defendants to provide notice of any plea or sentencing within ten days of such an event; and (3) requiring Defendants to preserve all

3

documents relevant to the civil action. *See* Pl.'s Suppl. Br. at 3, ECF 26. While the Court agrees that periodic status updates are appropriate, it will require them every six months rather than every two months. The Court will order Defendants to provide an additional status update within ten days after resolution of the criminal proceedings. And finally, the Court will direct the parties to meet and confer on a stipulated protective order preserving all relevant evidence in this case. *See Lunkes*, 882 F. Supp. 2d at 551 ("When an action is stayed, a court may order the parties to preserve vulnerable evidence until the proceedings resume.").

Given the uncertain duration of the criminal proceedings, and thus the uncertain duration of the stay, the Court will administratively close this case. This is an internal procedure that does not affect the substantive rights of the parties. The parties may request that the case be reopened, if appropriate, upon resolution of the criminal proceedings.

## ORDER

(1) Defendants' Motion to Stay this action pending the resolution of criminal proceedings against Defendants Balwinder and Amarjit is GRANTED.

(2) Excepted from this stay order is the following conduct:

    (a) Defendants SHALL provide a status update to the Court every six months and shall provide an additional status update within ten days after resolution of the criminal proceedings against them; and

    (b) The parties SHALL meet and confer on a stipulated protective order preserving all relevant evidence in this case, to be submitted to the undersigned judge. Failure to comply with an evidence preservation order can carry severe sanctions.

(3) This order terminates ECF 20.

(4) The Clerk SHALL administratively close the case.

Dated: September 29, 2021

                                                   
BETH LABSON FREEMAN
United States District Judge

4